## PROCEEDINGS IN ATTACHMENT.

Circuit Court of Cuyahoga County.

### THE HENRY & SCHEIBLE COMPANY v. THE COLLINWOOD FURNACE COMPANY.

Decided, May, 1908.

*Attachment—Motion to Discharge Overruled—Duty of the Common Pleas upon Reversal of the Ruling Below—Sections 6524, 6726 and 6733.*

Upon reversal by the common pleas court of an order of a justice of the peace overruling a motion to discharge an attachment, the common pleas court should retain the matter for trial as upon appeal.

*E. H. Tracy,* for plaintiff in error.
*C. B. Robinson,* contra,

WINCH, J.; HENRY, J., and MARVIN, J., concur.

Error to the Court of Common Pleas.

Plaintiff in error sued defendant in error before a justice of the peace and caused an attachment to be issued against the defendant's property.

The defendant moved to discharge the attachment and, his motion being overruled, filed a petition in error in the common pleas court to reverse said ruling, under favor of Section 6524, Revised Statutes.

The common pleas court reversed the ruling of the justice of the peace and discharged the attachment, without retaining the case for trial and final judgment, as in cases of appeal, as provided in Section 6733, Revised Statutes.

We think this was error. Section 6726, Revised Statutes, provides, that "when a judgment or final order is reversed, either in whole or in part, in the common pleas court, the circuit court or the Supreme Court, the court reversing the same shall proceed to render such judgment as the court below should have rendered, or remand the cause to the court below for such judgment," but the last clause in the section reads: "but this section shall not apply to judgments of justices of the peace."

There is no other statute authorizing the common pleas court, upon reversing the judgment of a justice of the peace, to either render the judgment the justice should have rendered or to remand the cause to the justice for further proceedings, so we hold that Section 6733 applies to error predicated to a ruling on a motion to discharge an attachment the same as to error proceedings generally, from a justice of the peace. This conclusion finds some support in the cases of *Bradley* v. *Wacker*, 13 C. C., 530, and *Tombow* v. *Haskins*, 15 C. C., 656.

Evidently the point here made was not called to the attention of the court in the cases of *Hoyman* v. *Beverstock*, 8 C. C., 473, and *Seville* v. *Wagner*, 46 O. S., 52.

For error in rendering final judgment instead of retaining the case for trial, as upon appeal, that part of the judgment of the common pleas court is reversed and the cause remanded to that court for further proceedings.